IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RANDY and ANITA SHAFFER                                                                    PLAINTIFFS

VS.                                                                                   No. 1:03CV266-D-D

PALM HARBOR HOMES, INC., et al.
                                                                                           DEFENDANTS

<u>OPINION DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS
AND DENYING MOTION TO STRIKE</u>

Presently before the Court is the Defendant's motion to dismiss. Upon due consideration, the Court finds that the motion should be denied in part and granted in part. Also pending is the Defendants' joint motion to dismiss Plaintiffs' designation of expert witnesses which shall be denied.

*A. Factual Background*

This action, originally filed in the Circuit Court of Clay County, Mississippi, was removed by the Defendants under the authority of 28 U.S.C. § 1331, federal question jurisdiction. The Plaintiffs initiated this dispute for alleged defects in their mobile home. The Defendants are Palm Harbor Homes, Inc., the manufacturer, and Fleetwood Retail Corporation of Mississippi, the seller of the home. The Plaintiffs' complaint includes various state law claims and one for violation of the Magnuson-Moss Warranty Act.

Finding that the requisite amount in controversy was present, the Court previously denied a motion to remand. The Defendant Fleetwood has now moved to dismiss the Plaintiffs' claims on a variety of legal grounds.

*B. Discussion*

1.  Motion to Dismiss - Standard for Review

When considering a motion to dismiss for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995) (quoting, Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)). In deciding whether dismissal is warranted, the court will not accept conclusory allegations in the complaint as true. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

    a. Breach of Warranty/Contract Claims

The Defendant Fleetwood insists that the Plaintiffs' claims for breach of warranty and contract claims are barred by the six year statute of limitations. See Miss. Code Ann. § 75-2-725. Conversely, the Plaintiffs argue that, for various reasons, their claims are not subject to dismissal as untimely.

Section 75-2-725 provides in relevant part,

> (1) an action for breach of any contract for sale must be commenced within six (6) years after the cause of action has accrued.
> (2) a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

The Plaintiffs purchased their home or, using the statutory language, delivery was made in August

1996, thereby triggering the limitations period on their breach of warranty/contract claim which would have expired on August 2002. Since the Plaintiffs did not file their complaint until May 2003, their claims are untimely unless, as they contend, the future performance exception applies in which case the cause of action would accrue not at the time of delivery but at the time the defects were discovered. Specifically, the Plaintiffs refer to a subheading titled "warranty and homeowner's maintenance" contained in a "customer orientation" package wherein it is stated, "[w]hile Patrick Home Center expresses no warranty, we do assume responsibility to see that the manufacturer fulfills their warranty, and in some cases, that the warranty is not abused." The Plaintiffs construe this language as providing an express and implied warranty "to see that the warranty items were taken care of." Further, the Plaintiffs suggest that the manufacturer's one year warranty which Fleetwood expressly warranted constitutes "future performance" thereby extending the six year limitation period by one year. Resultantly, the Plaintiffs aver their claims would not have expired until August 2003, five months after the complaint was filed. Unfortunately, the Court does not agree.

To be within the future performance exception, "a warranty must explicitly promise or guarantee future performance of the goods; it must be clear, unambiguous and unequivocal." Crouch v. General Elec. Co., 699 F. Supp. 2d 585, 594 (S.D. Miss. 1988). "Only rarely has an express warranty been held to be a warranty explicitly extended to future performance." Id. at 594. For example, a promise that a "product will satisfactorily perform at all times or will work properly for a lifetime" may appropriately be considered a guarantee of future performance of the goods. Id. In contrast to a repair and replacement warranty which is simply a promise to repair or replace goods that are defective and not a guarantee of how the goods will perform. Id. The Crouch court cited a litany of cases in which repair and replacement warranties that extended to one year or longer were

not considered to be guarantees of future performance. Id. at 594-95.

Here, the Plaintiffs have presented no proof with regard to the type or contents of the manufacturer's warranty received with the purchase of their home, but instead rely solely upon documents given to them by the seller to demonstrate a promise of future performance. While the Court does find that Fleetwood's statement was written in contemplation of action that may occur in the future, it does not explicitly warrant the goods or how the product will perform in the future. Nor does the Plaintiff reconcile their theory with the remainder of the statement where the seller expressly disavows any warranty.[1] In light of strict judicial interpretation and the lack of explicit language, the Court finds that the future performance exception does not apply. Fleetwood did not expressly warrant the future performance of the home. Accordingly, the Plaintiffs' breach of warranty/contract claims lodged against Fleetwood, the seller, are untimely.[2] Also, consistent with Crouch, the Plaintiffs' claim for breach of implied warranty is barred by operation of the applicable limitations period. 699 F. Supp. at 593 n.8.

      b. Fraud

The Defendant further asserts that the Plaintiffs' claim of fraud is barred by the statute of limitations. Under Mississippi law, fraud claims are subject to a three year statute of limitations. Miss. Code Ann. § 15-1-49; Stephens v. Equitable Life Assur. Society of U.S., 850 So.2d 78, 82 (Miss. 2003). Absent allegations of fraudulent concealment, a fraud claim accrues and the limitations period begins to run no later than the date of completion and delivery of the building.

---

[1] The Plaintiffs also contend that the Defendant waived the statute of limitations defense because it was not raised in the answer. One glance at the Defendant's answer indicates that the argument is plainly without merit.

[2] The Court expresses no opinion as to the Plaintiffs' claims against Defendant Palm Harbor Homes.

~3371031.wpd       4

M.T. Reed Const. Co. v. Jackson Plating Co., 222 So.2d 838, 839 (Miss. 1969). Claims asserted after three years may be actionable only if they were fraudulently concealed and the plaintiffs could not have discovered them with reasonable diligence. See Miss. Code Ann. § 15-1-67; Andrus v. Ellis, 887 So.2d 175, 181-82 (Miss. 2004).

Much to their detriment, the Plaintiffs failed to address or chose to wholly ignore the Defendant's argument. The Plaintiffs purchased their home in August 1996, thereby triggering the limitations period on their fraud claim which would have expired on August 1999. Since the Plaintiffs did not file their complaint until May 2003, their claims are extinguished by operation of the statute unless the doctrine of fraudulent concealment applies. Unfortunately, the Plaintiffs have not invoked the doctrine of fraudulent concealment. Therefore, the Court is left with no alternative but to dismiss the Plaintiffs' fraud claim as untimely.[3]

    c. Negligence

The Defendant argues that the Plaintiffs' negligence claim is similarly barred as untimely. Pursuant to statute, negligence claims in Mississippi are subject to a three year limitation period. See Miss. Code Ann. § 15-1-49; Owens v. Mai, 891 So.2d 220, 222 n.2 (Miss. 2005). Even granting the Plaintiffs the benefit of all reasonable inferences does not save their negligence claim.

Contrary to their assertion, a negligence claim is no longer governed by a six year statute of limitations. Rather, in 1989, Section 15-1-49 reduced the six year period to the now applicable three years. As has been repeatedly noted, the Plaintiffs purchased their home in August 1996. Therefore, any claim of negligence expired in August 1999. Yet, the Plaintiffs argue they began complaining

---

[3] In the alternative, the Defendant argues that the Plaintiffs' fraud claim has not been pled with particularity. Since it has been determined that the fraud claim is untimely, the Court need not address this argument. However, had the fraud claim not expired, it would have likely been dismissed for failure to satisfy the particularity requirement of Fed. R. Civ. P. 9(b).

about mold or mildew in their home sometime in August or September 1997 which indicates that they first discovered the alleged defect at the latest September 1997. Taken as true, the Plaintiffs' negligence claim accrued in September 1997 and the limitations period expired September 2000; three years before their complaint was filed.

Additionally, the Plaintiffs offer dated documents discussing possible repairs in August and September 1998. Even assuming that the Plaintiffs' negligence claim is based on negligent repair the latest a claim could have been was filed September 2001. The Plaintiffs' complaint was filed approximately one and one half years late. Hence, the Plaintiffs may not proceed with any negligence claims based on these repairs.

Since the Plaintiffs' complaint is virtually devoid of any dates or facts distinguishing among the various Defendants' actions/inactions, it is difficult to determine on what basis the negligence claim is founded. However, the Plaintiffs have produced two other documents dated August 2001 and November 2002. Assuming the Plaintiffs could prove their assertions, any claim of negligence associated with these repairs would not be barred by the three year statute of limitations. Therefore, the Court cannot say that the Plaintiffs have failed to state a claim upon which relief may be granted.

2. Motion to Strike Plaintiffs' Designation of Expert Witnesses

The Defendants motion the Court to strike the Plaintiffs' designation of experts for failure to comply with federal Rule 26 and local Rule 26.1. Specifically, the Defendants complain that the Plaintiffs failed to file a written report along with their designation of expert witnesses. Further, the Defendants assert that local Rule 26.1(A)(2)(d) requires that the designations be stricken as untimely. In response the Plaintiffs' counsel offers numerous <u>excuses</u> for the deficient designation.

Local Rule 26.1(A)(2)(d) provides that "[a]n attempt to designate an expert without providing

full disclosure information as required by this rule will not be considered a timely expert designation and <u>may</u> be stricken upon proper motion or sua sponte by the court." (Emphasis added). The decision to grant or deny a motion to strike is committed to the sound discretion of the court. <u>Robbins v. Ryan's Family Steak Houses East, Inc.</u>, 223 F.R.D. 448 (S.D. Miss. 2004) (striking portion of expert witness's presentation in the face of the dilatory supplementation and plaintiffs' failure to respond). When reviewing a motion to strike the court should consider "(1) the explanation for the failure to identify witnesses; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." <u>Hamburger v. State Farm Mut. Auto Ins. Co.</u>, 361 F.3d 875, 883 (5th Cir. 2004).

The Plaintiffs' counsel offers lengthy explanations for his failure to properly designate experts. Essentially, Plaintiffs' counsel contends that the failure is due to his unfamiliarity with the local rules, the Defendants' failure to coordinate inspection of the subject home, and that medical records had not been received. Though the explanation is not especially compelling and evokes even less compassion, the Court finds that the first factor weighs in favor of the Plaintiffs or is at least a neutral consideration.

Clearly, in this breach of warranty dispute which is based on the existence of mold or mildew in the Plaintiffs' home, expert testimony is crucial to each party and will, indeed, assist the trier of fact. The proposed experts are no doubt an integral part of the Plaintiffs' case without which their claims are practically doomed. Hence, the second factor favors allowing the testimony.

The Defendants steadfastly argue that they have been irreversibly prejudiced by the Plaintiffs' failure to properly designate witnesses. While the Court agrees that the Defendants may have been subjected to some level of prejudice, it does not find that the resulting prejudice is so detrimental that

it cannot be cured or overcome. Yet, finding that there has been some prejudice works in the Defendants' favor under the third consideration.

However, such prejudice is overcome by the availability of continuance. In fact, on January 26, 2006, the Court entered an order extending discovery and motions deadlines. By subsequent order the trial date was continued until February 2006. Given these extensions, each party will be granted sufficient time to fully develop their case and strategies.

Hence, the Court finds that the Defendants' motion to strike will be denied. Importantly, the Court does not take lightly the seriousness of Plaintiffs' counsel's failure to comply with the rules of discovery. As a general proposition ignorance of the law is no defense U.S. v. Arthur Andersen, LLP, 374 F.3d 281, 299 (5th Cir. 2004). Nevertheless, under the circumstances of this case, broadly striking expert designations would punish the Plaintiffs rather than their counsel who is charged with knowledge of the law and prosecuting their case. Despite this reprieve, the Court cautions the Plaintiffs and their counsel that any further failure to comply with the rules of procedure, both federal and local, will not be received with the same understanding. Plaintiffs' counsel cannot sit idly by and hope for the best. Rather, he should immediately comply with all aspects the scheduled discovery or motion for appropriate extensions. Any amendments to discovery and motions deadlines as a result of this opinion and order shall be referred to Magistrate Judge Jerry A. Davis.

*C. Conclusion*

In sum, the Court concludes the Plaintiffs' claims for breach of warranty/contract are barred by operation of the six year statute of limitations. The Plaintiffs' fraud claim is barred by operation of the three year statute of limitations. Likewise, any negligence claim based on events occurring from August 1996 to April 2000, are similarly barred by the three year generally applicable statute

of limitations. However, the Plaintiffs may proceed with their negligence claim to the extent it is derived from events occurring from and after May 2000. Resultantly, the Defendant's motion to dismiss is denied in part and granted in part as detailed above. The Defendant Palm Harbor did not join Fleetwood's motion to dismiss. Therefore, the opinions expressed regarding the same are limited to the moving Defendant Fleetwood. The Defendants' joint motion to strike Plaintiffs' designation of expert witnesses shall also be denied.

A separate order in accordance with this opinion shall issue this day.

This day April 25, 2005.

/s/ Glen H. Davidson
Chief Judge